IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES EARL COOPER,           )
                             )
        Plaintiff,            )
                             )
    v.                        )    1:13CV571
                             )
LEON STANBACK,               )
                             )
        Defendant.            )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff applied to proceed without prepayment of fees and the Court conditionally granted Plaintiff leave to proceed without prepayment of fees on the terms imposed by the Prison Litigation Reform Act by ordering that Plaintiff make an initial partial payment and by staying the action to allow Plaintiff time to make the payment. Plaintiff has now made the payment. On November 19, 2013, a summons was erroneously issued as to Defendant Leon Stanback, prior to a compliance order by the Court as a result of Plaintiff's initial partial payment.[1]

On April 16, 2014, Plaintiff filed two motions requesting entry of default and entry of default judgment against Defendant. (Docket Entries 6, 8.) In his affidavit, Plaintiff states

---

[1] The issuance of the summons appears to be a docketing error. Plaintiff initially attached the summons to his Complaint. (Docket Entry 1-1.) The Court conditionally granted Plaintiff *in forma pauperis* status (Docket Entry 3), and thereafter received Plaintiff's initial partial payment. (*See* Docket Entry dated Nov. 7, 2013.) The summons was erroneously issued without an order from the Court accepting Plaintiff's compliance with the Court's previous Order. A copy of the summons was also sent to Plaintiff.

that Defendant has been served a copy of the summons and complaint. However, a review of the docket does not indicate proof of service.

Entry of default is at the Court's discretion, and "the moving party is not entitled to default judgment as a matter of right." *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009); *see United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). A default judgment is void against a defendant in which the court lacks personal jurisdiction. *Id.*; *see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

A review of the record indicates that a summons issued prior to a compliance order issued by the Court was not proper procedure. Moreover, it is apparent that Defendant Stanback was never served the summons and Complaint. Thus, entry of default or default judgment is not proper in this case. *See Wilson v. Suntrust Bank, Inc.*, Case No. 3:10-CV-573-FDW-DCK, 2011 WL 1706763 at *1 (W.D.N.C. May 4, 2011).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motions (Docket Entries 6, 8) for entry of default and default judgment be **DENIED**.

**IT IS ORDERED** that the Clerk shall reissue the summons as to Defendant Stanback.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve the summons and complaint on Defendant Stanback.

A copy of this Order, Memorandum Opinion and Recommendation shall be sent to the parties. The United States Marshall shall serve a copy of this Order with the Summons and Complaint on Defendant Stanback.

/s/ Joe L. Webster
Joe L. Webster
**United States Magistrate Judge**

Durham, North Carolina
May 2, 2014