# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES EARL COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV571 |
| | ) | |
| LEON STANBACK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant Leon Stanback's motion to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim. (Docket Entry 17.)[1] The motion has been fully briefed and the matter is ripe for disposition. For the reasons that follow, it is recommended that Defendant's motion be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff James Earl Cooper began this action by filing a complaint pursuant to 42 U.S.C. § 1983 on July 15, 2013. The complaint alleges a violation of his United States constitutional right to due process resulting from Defendant's refusal to have "biological evidence" tested for DNA. (Compl. at 2, Docket Entry 2.) Cooper claims that Defendant has "custody and control of the biological evidence." (*Id.*)

---

[1] For reasons that are unclear to the Court, Defendant filed two motions to dismiss on the same day. (Docket Entries 16, 17.) The motions are almost identical, with a few minor variations, and Defendant filed only one memorandum in support thereof. (Docket Entry 18.) Accordingly, the Court will address the motion to dismiss which was docketed second. (Docket Entry 17.)

Cooper has challenged Defendant's refusal to undertake DNA testing in state court. (*See* Def.'s Mem. at 2, Docket Entry 18.) In 2012, Durham County Superior Court Judge Orlando Hudson denied Cooper's request for DNA testing, finding that Cooper had not shown that the state possessed untested evidence. (Docket Entry 18 at Exhibit 1.) Plaintiff now brings the present action, seeking an order requiring that physical evidence in the custody of Defendant be tested for DNA.

## II. DISCUSSION

Defendant moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). He further asserts that the statute of limitations presents a bar on Plaintiff's claim.

### A. This Court Lacks Subject Matter Jurisdiction to Adjudicate this Matter

Defendant first argues that this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim. (Docket Entry 18 at 4-6.) Subject matter jurisdiction is both a Constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredricksburg & Potomoc R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the

2

material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*; *see also Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Defendant contends that this Court lacks subject matter jurisdiction to entertain this claim pursuant to the *Rooker-Feldman* doctrine. (Def.'s Mem at 5-6, Docket Entry 18.) "Under the *Rooker–Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Plaintiff argues that he "is not using this action to make a collateral attack on the criminal court judgment," but that the Supreme Court's decision in *Skinner v. Switzer* allows for subject matter jurisdiction to obtain testing of biological evidence under § 1983. (Pl.'s Resp. at 4-5, Docket Entry 20 (citing *Skinner v. Switzer*, 131 S. Ct. 1289 (2011).) This argument misreads *Skinner*. *Skinner* holds that "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." *Skinner*, 131 S. Ct. at 1298. While the outcome in *Skinner* allowed a prisoner to obtain testing of DNA, the plaintiff in that case challenged the validity of the underlying state statute. *Id.* Here, Plaintiff attacks the ruling of a North Carolina superior court denying him the DNA evidence, not the validity of the underlying state statute. He has previously sought an order from state court under N.C. GEN. STAT. § 15A-269 to obtain post-conviction testing. (*See* Compl. at 6, Docket Entry 2.) Plaintiff's request for testing was denied by the Durham County Superior Court, and his subsequent petition for *certiorari* to the North Carolina Court of Appeals was also denied. (*Id.*) Neither the complaint nor Plaintiff's brief purports to challenge the validity of the state statute. (*See*

3

Docket Entry 2 at 6-8; Docket Entry 20 at 5-6.) Moreover, it is clear that success on this claim would effectively nullify the order of the state court. Therefore, the reasoning of *Skinner* is inapposite here and this Court does not have subject matter jurisdiction to adjudicate this action. *See Alvarez v. Att'y Gen'l for Fla.*, 679 F.3d 1257, 1264 (11th Cir. 2012) (finding no error in district court holding that *Rooker-Feldman* barred it from exercising subject matter jurisdiction, holding that "Alvarez's as-applied procedural due process challenge boils down to a claim that the state court judgment itself caused him constitutional injury by arbitrarily denying him access to the physical evidence he seeks under Florida's concededly constitutional procedures. It is abundantly clear that success on this claim would effectively nullify the state court's judgment and that the claim would succeed only to the extent that the state court wrongly decided the issues."); *McKithen v. Brown*, 626 F.3d 143, 154-55 (2d Cir. 2010) (holding that *Rooker-Feldman* barred the claim that "the state court incorrectly and unconstitutionally interpreted the [New York DNA] statute by not assuming exculpatory results," and noting that '[t]he proper vehicle for McKithen to challenge the state court's interpretation of [the statute] was an appeal to the New York Appellate Division."); *In re Smith*, 349 F. App'x. 12, 15 (6th Cir. 2009) ("'[B]y complaining that the [Michigan] state trial court wrongfully denied him the DNA evidence because rejection of his petition was improper – but not complaining that the statute itself is flawed – Smith is 'complaining of an injury caused by the state court judgment and seeking review and rejection of that judgment,' which is clearly barred by *Rooker-Feldman*." (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).

4

Out of an abundance of caution, in the event the Court finds it has subject matter jurisdiction, Defendant's other arguments for dismissal are discussed below.

### B. Plaintiff Failed to Effectuate Proper Service of Defendant

Defendant argues that the complaint must be dismissed because of lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), insufficient process, and insufficient service of process under Fed. R. Civ. P 12(b)(5). (Def.'s Mem. at 9, Docket Entry 18.) The undersigned agrees. "A motion under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F.Supp. 519, 576 (M.D.N.C.1996) (emphasis and citations omitted). Where a plaintiff does not effectuate "valid service of process, the district court [is] without jurisdiction of the defendant . . . ." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984).

Service of process on a state or local government official must be served "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). In North Carolina, service on an agency or officer of the state is governed by North Carolina Rule of Civil Procedure 4(j)(4). N.C. GEN. STAT. § 1A-1, Rule 4(j)(4). The rule requires that process be served personally or by mail to the process agent appointed by the agency. N.C. GEN. STAT. § 1A-1, Rule 4(j)(4)(a).

Here, Plaintiff failed to effectuate proper service under North Carolina law. Defendant was an "agency of the state" for purposes of N.C. R. Civ. P. 4 because he was an "officer of the State government of the State of North Carolina." N.C. GEN. STAT. § 1A-1,

Rule 4(j)(4)(d). The State of North Carolina provides for district attorneys throughout the state, which are organized under the N.C. Administrative Office of the Courts. *See* N.C. GEN. STAT. § 7A, art. 9; 29. The process agent for the Administrative Office of the Courts is the Office's Legal Counsel. *See* North Carolina Department of Justice, *Process Agent Directory* (last visited Mar. 13, 2015), *available at* http://www.ncdoj.gov/About-DOJ/Legal-Services/Legal-Resources/Process-Agent-Directory.aspx. Plaintiff did not serve the process agent for the Administrative Office of the Courts, nor did he serve the North Carolina Attorney General, deputy or assistant attorney general. *See* N.C. GEN. STAT. § 1A-1, Rule 4(j)(4)(c) (allowing service of the "the Attorney General or to a deputy or assistant attorney general" when a state agency fails to designate a process agent). Instead, Plaintiff sent a copy of the summons and complaint to Defendant by certified mail to the Durham County Judicial Building. (*See* Return of Service, Docket Entry 12.) Therefore, Plaintiff failed to effectuate proper service, and this Court is "without jurisdiction of the defendant." *See Armco, Inc.*, 733 F.2d at 1089.

### C. The Statute of Limitations Bars Plaintiff's Claim

Defendant also argues that Plaintiff's claim is barred by the statute of limitations. (Def.'s Mem. at 3, Docket Entry 18.) The statute of limitations for § 1983 claims is determined by state personal injury laws. *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). The North Carolina statute of limitations for personal injury is three years. N.C. GEN. STAT. §1-52(5); *see, e.g.*, *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161-62 (4th Cir. 1991). The statute of limitations runs from the day that a plaintiff knew or should have known of the injury and who was responsible for the injury. *Brooks v. City of Winston-Salem*, 85 F.3d 178,

182 (4th Cir. 1996) (citing *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995)).

Here, Plaintiff's claim is barred by the statute of limitations. Plaintiff claims that he "sought post-conviction DNA testing because neither the Defendant (the State), nor Plaintiff's trial counsel made any effort to have the biological evidence tested prior to Plaintiff's criminal trial." (Compl. at 6, Docket Entry 2.) This allegation suggests the injury occurred "prior to Plaintiff's criminal trial." (*See id.*) Judgment in Plaintiff's case was entered on October 6, 2008. (*See* Def.'s Mem. at 3, Docket Entry 18.) Plaintiff did not file the complaint until nearly five years later, on July 15, 2013. (*See* Compl., Docket Entry 2.) Therefore, Plaintiff failed to file his action within the three year statute of limitations as required under North Carolina law.

Plaintiff argues the statute of limitations clock in this matter did not start until Mar. 7, 2011, the date that the Supreme Court decided *Skinner*. (Pl.'s Resp. at 4, Docket Entry 20.) Plaintiff fails to articulate the reason his injury did not materialize until the date that *Skinner* was decided. *Skinner* merely held that a post-conviction claim for DNA testing may be pursued in a section 1983 action; it did not recognize any new constitutional right, and in fact most courts had already concluded that such an action could be brought under section 1983. Therefore, *Skinner* does not serve as a trigger for a new limitations period.

Even if Plaintiff raised an equitable tolling argument, which he does not, such an argument would fail. To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal

quotation and citation omitted). North Carolina law has allowed for motions for post-conviction DNA testing since at least 2001. 2001 N.C. Sess. Laws 2001-282. If Plaintiff had been "pursuing his rights diligently," he would have filed a motion for testing immediately after the entry of judgment. *See Holland*, 560 U.S. at 649.

For the foregoing reasons, the undersigned finds that the statute of limitations has run and this claim is therefore barred.

### D. Plaintiff Fails to State a Claim under 42 U.S.C. § 1983

Defendant also argues that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mem. at 6-9, Docket Entry 18.) A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is *plausible* on its face.") (emphasis in original) (internal citation and quotation marks omitted).

The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of

8

factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

Though not articulately stated, Plaintiff asserts that his claim is based on a denial of procedural due process. To establish a procedural due process violation, a person must first demonstrate that he has been deprived of a constitutionally-protected property or liberty interest. Only if such a protected interest is asserted does a court consider the constitutional sufficiency of the procedures associated with such interest. If a liberty or property interest is found, the next step in the due process inquiry is to determine what process is due. Due process "is not a technical conception with a fixed content unrelated to time, place and circumstances." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997). Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Here, Plaintiff argues that his due process rights were violated because the State of North Carolina "[refuses] to provide DNA testing of the evidence collected during its investigation." (Compl. at 3, Docket Entry 2.) North Carolina law allows a defendant to move for testing of DNA evidence after conviction if the biological evidence

> (1) Is material to the defendant's defense.
>
> (2) Is related to the investigation or prosecution that resulted in judgment.

9

> (3) Meets either of the following conditions:
>
> (a) It was not DNA tested previously.
>
> (b) It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.

N.C. GEN. STAT. § 15A-269(a). After determining that subsection (a) has been met, the state trial court must grant the motion if there is "a reasonable probability the verdict would have been more favorable to the defendant" and the defendant has sworn to his or her innocence. N.C. GEN. STAT. § 15A-269(b).

Plaintiff received correct process under North Carolina law. Under N.C. GEN. STAT. § 15A-269(a)(3), Plaintiff had to establish either that biological evidence was not previously tested, or that it was tested but new testing would be significantly more accurate. The North Carolina state court denied Plaintiff's motion for testing because Plaintiff failed to show that the State was in possession of evidence that had not already been tested. (Order Denying DNA Testing, Docket Entry 18-1.) The state court's denial implicitly rests on a finding that Plaintiff had not met the requirements of N.C. GEN. STAT. § 15A-269(a)(3)(a). (*See id.*) Plaintiff does not allege that additional testing is warranted because such further testing would be significantly more accurate. Because the state court found that Plaintiff had not established that biological evidence was not previously tested, and because Plaintiff does not argue that his motion qualified for testing under § 15A-269(a)(3)(b), Plaintiff received correct process under North Carolina state law.

This, however, does not end the Court's inquiry. The Court must also find that the process provided by North Carolina statute was itself constitutional under the Due Process clause of the 14th Amendment. Plaintiff has a liberty interest in demonstrating his innocence with new evidence under state law. *See District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009). "In order to state a procedural due process claim relating to post conviction DNA testing, plaintiff must assert facts sufficient to show that [the state's] statute and post-conviction process are 'inadequate to vindicate the substantive rights provided.'" *Creasy v. Mayor of City of Baltimore*, Civil Action No. JFM-11-1870, 2012 WL 1044426, at *2 (D. Md. Mar. 26, 2012) (quoting *Osborne*, 557 U.S. at 69). There is no substantive due process right to DNA testing. *Osborne*, 557 U.S. at 72.

Here, Plaintiff has not alleged facts to establish that N.C. GEN. STAT. § 15A-269 or the post-conviction process were inadequate to vindicate the substantive rights provided. He does not allege that the North Carolina post-conviction DNA statute is constitutionally inadequate, either facially or as applied. Rather, he asserts that the motion he made for DNA testing was wrongfully denied and that the criminal charges against him have "deprived [him] of his liberty interest in utilizing the state court procedures to obtain reversal of his conviction and/or to obtain a pardon or reduction of his sentence." (Compl. at 8, Docket Entry 2.) His conclusory allegations regarding the strength (or weakness) of the State's case against him are not sufficient to state a claim for a procedural due process claim.

### III. CONCLUSION

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction to adjudicate this matter. Accordingly, the undersigned **RECOMMENDS** that Defendant's

second motion to dismiss (Docket Entry 17) be **GRANTED**. The undersigned further **RECOMMENDS** that Defendant's first motion to dismiss (Docket Entry 16) be **DISMISSED AS MOOT**.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
April 15, 2015